UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-01724 HEA |
| | ) | |
| SCHNUCKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Clint Phillips, III's Application to Proceed in District Court Without Prepaying Fees or Costs and Motion for Appointment of Counsel. [ECF Nos. 2-3]. Upon review, the Court finds the Application incomplete and denies it without prejudice. [ECF No. 3]. The Court also denies without prejudice Plaintiff's Motion for Appointment of Counsel. [ECF No. 2]. Should Plaintiff seek to continue this action, no later than **Friday, January 9, 2025**, he must pay the $405 or file a complete Application to Proceed in District Court Without Prepaying Fees or Costs.

## I. Application to Proceed in District Court Without Prepaying Fees or Costs

With the commencement of this action, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF. No. 3]. The Application is incomplete as Plaintiff has failed to fill out his place of employment, his gross pay, all sources of income, all monthly expenses and all debts or financial obligations owed each month. [ECF No. 3 at 1-2.]. For these reasons, the Court will deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, without prejudice. [ECF No. 3].

## II.    Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel. [ECF No. 2]. In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

The Court finds that appointment of counsel is not warranted at this time. Until Plaintiff either pays the filing fee or properly obtains in forma pauperis status, the Court cannot assess the merits of his Complaint or determine whether he or the Court would benefit from the assistance of counsel. Therefore, the Court denies, without prejudice, Plaintiff's Motion for Appointment of Counsel. [ECF No. 2].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 2] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that no later than **Friday, January 9, 2026**, Plaintiff must either pay the full filing fee of $405 or file a complete an Application to Proceed in District Court

Without Prepaying Fees or Costs. Plaintiff's failure to comply with this Order will result in a dismissal of this action without prejudice and without further notice to him.

      **IT IS FINALLY ORDERED** that the Clerk of Court is directed to mail Plaintiff an Application to Proceed in District Court Without Prepaying Fees or Costs.

      So ordered this 11th day of December, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE